```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

IN THE MATTER OF THE CONSERVATORSHIP
OF MAE B. MADISON                                      PLAINTIFF

VERSUS                         CIVIL ACTION NO. 5:06cv53-DCB-JMR

CITICORP INVESTMENT SERVICES                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 7**] and the defendant's Motion to Compel Arbitration and Stay Proceedings [**docket entry no. 2**].  Having reviewed the motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

On March 2, 2006, Mae B. Madison, through her duly appointed conservator, Jerry Liberty, filed a complaint in the Chancery Court of Wilkinson County, Mississippi, against CitiCorp Investment Services (CIS).  The complaint alleges that Madison maintained an investment account with CIS with a balance of $69,728.32 as of October 31, 2004.  Compl., ¶3.  It is further alleged that CIS was informed of a court order issued from the Chancery Court of Wilkinson County on March 8, 2005, enjoining any and all individuals from transferring or encumbering any assets, including investments and bank accounts, held by Madison.  Compl., ¶5. Despite being made aware of this order, the plaintiff maintains

that CIS improperly disbursed all of the funds in Madison's account to an unauthorized individual. Compl., ¶¶9-11. The plaintiff contends that CIS was negligent in distributing funds from Madison's account and seeks three types of relief: (1) a complete accounting of all funds entrusted to CIS by Madison for the period of time commencing October 31, 2004, to the present; (2) a monetary judgment against the defendant for $69,000.00 in compensatory damages; and (3) attorney's fees and costs. Compl., ¶1-2 of ad damnum.

CIS removed the action to this Court on March 31, 2006, asserting diversity jurisdiction as the basis for the Court's jurisdiction. See Notice of Removal [docket entry no. 1]. On April 7, 2006, the defendant filed a motion to stay the proceedings and to compel the plaintiff to submit her claims to arbitration. See docket entry no. 2. The plaintiff responded on April 19, 2006, by filing a motion to remand the action on the basis that the amount in controversy necessary for this Court to maintain jurisdiction under § 1332 is not present.

**DISCUSSION**

I.  Standard for Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. Removing defendants bear the burden of establishing federal subject matter jurisdiction. See Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939) Carson v. Dunham, 121 U.S. 421, 425-26 (1887); Jernigan v. Ashland

Oil Co., 989 F.2d 812, 815 (5th Cir. 1993); Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253-54 (5th Cir. 1961). "Only state-court actions that could have originally been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, where there is no federal question basis for jurisdiction, as in this case, the defendant bears the burden of showing that diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal courts have subject matter jurisdiction over cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

The plaintiff is a citizen of Mississippi, while the defendant is incorporated in Delaware with its principal place of business in a state other than Mississippi. Compl., ¶¶ 1-2. Thus, complete diversity exists between the parties; however, the plaintiff contends that the requisite amount in controversy has not been met. CIS argues that the three components of damages requested in the ad damnun clause "surely" satisfy the amount in controversy. Each component will be addressed:

A.  Request for Compensatory Damages

The plaintiff requests $69,000.00 in damages for CIS's alleged negligence in failing to properly control access to her investment account. There is no dispute that this claim for damages should

-3-

count towards the requirement for diversity jurisdiction.

B.  Accounting of Funds Entrusted to CIS

The defendant maintains that in "the Fifth Circuit, when a plaintiff files an action for declaratory relief, the amount in controversy is the value of the 'object of the litigation.'" Response to Motion to Remand, at 3 (citing St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)).  Therefore, CIS rationalizes that because the plaintiff complains of distributions in excess of $55,000 in her complaint, her request for an accounting should increase the amount in controversy by that amount.  See Response to Motion to Remand, at 3.

The fallacy of the defendant's argument is apparent.  The plaintiff asks for both an accounting and for $69,000.00 in compensatory damages.  The compensatory damages requested are measured based upon the plaintiff's estimation, calculated from previous account balances, as to the amount of money CIS negligently disbursed.  The request for an accounting of Madison's fund is an equitable demand to have the defendant set forth what account activity took place.  Thus, the request for an accounting and the demand for compensatory damages address the same measure of damages, the amount of money in the investment account allegedly disbursed to an unauthorized individual.  To allow CIS to aggregate the "value" of the accounting along with the value of the compensatory damage request would effectively double the amount of

-4-

actual damages in this action.  See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 641 (5th Cir. 2003) (holding that where affirmative relief is sought by an accounting, the amount in controversy should be measured by the value of the res) (citation omitted). Moreover, the costs which would be incurred by the defendant in performing the accounting are also not factored into the amount in controversy determination.  See id. at 640.

Therefore, the Court will not consider the plaintiff's request for an accounting to enhance the measure of damages inasmuch as that claim is already subsumed in her demand for compensatory damages.

C.  Request for Attorney's Fees

Lastly, the defendant states that because the plaintiff seeks an unspecified amount of attorney's fees, the amount in controversy is clearly met.  Response to Motion to Remand, at 4.  CIS alleges that under Fifth Circuit law, attorney fees are included in the amount in controversy.  See id.  The defendant quotes H&D Tire and Auto. Hardware, Inc. v. Pitney Bowes, Inc., 227 F.3d 326, 330 (5th Cir. 2000), for the proposition that "where 'a party [is entitled] to receive attorneys' fees, the amount in controversy includes those fees.'"  Id. (alteration in defendant's response).  Through convenient editing, however, the defendant omitted a very significant part of H&D Tire's holding.  The full quote reads, "When a statutory cause of action entitles a party to receive

attorneys' fees, the amount in controversy includes those fees." H&D Tire and Auto. Hardware, Inc., 227 F.3d at 330 (emphasis added). See also Mintzer v. Lester, 51 Fed. Appx. 929, *3 (5th Cir. 2002) ("Depending on the substantive law of the state, attorney's fees may also be considered part of the amount in controversy").

The plaintiff alleges that CIS was negligent; she does not claim any entitlement to redress under statute. There is nothing in her complaint to suggest that she is entitled to attorney's fees pursuant to any statute, nor has the defendant, who bears the burden to establish removal jurisdiction, shown that the substantive law of Mississippi would entitle her to any such fees. See Harrison County Development Comm'n v. Kinney, 920 So. 2d 497, 503 (Miss. Ct. App. 2006) ("[Attorney's] [f]ees are to be awarded only when a statute or other authority provides for them. When there is no legislative authority for attorney's fees, no fees should be imposed") (internal citations omitted). Madison simply requests, as is common practice, that the court award her attorney's fees. Therefore, the defendant has not shown that the plaintiff's request for fees should be factored into the amount in controversy.

In consequence, the plaintiff's claim is valued only by her request for compensatory damages in the amount of $69,000.00. This amount falls short of the requisite amount in controversy to

sustain diversity jurisdiction; therefore, this action shall be remanded to the Chancery Court of Wilkinson County, Mississippi. The defendant's Motion to Compel Arbitration must be denied without prejudice in that the Court lacks jurisdiction to grant the requested relief.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that this action should be remanded to the state court from whence it came.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [**docket entry no. 7**] is **GRANTED** inasmuch as the Court lacks subject matter jurisdiction over this action;

IT IS FURTHER ORDERED that the defendant's Motion to Compel Arbitration and Stay Proceedings [**docket entry no. 2**] is **DENIED** without prejudice;

A final order of remand shall be entered remanding this case to the Chancery Court of Wilkinson County, Mississippi.

SO ORDERED, this the 14th day of June, 2006.


S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE